IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH D. WINDERS<br>2917 Crescent Drive<br>Columbus, OH  43204, | : <br>: | Case No. 2:22-cv-155 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| STANDARD INSURANCE COMPANY<br>1100 Southwest 6th Avenue<br>Portland, OR  97204 | : <br>: | Magistrate Judge _____ |
| Defendant. | : | |

## **COMPLAINT**

For his Complaint against the Defendant, Standard Insurance Company, Plaintiff Kenneth D. Winders states as follows:

### **Parties**

1. The Plaintiff, Kenneth D. Winders, was at all relevant times an employee of Optum360 Services, Inc., a subsidiary of UnitedHealth Group, and a participant in an employee welfare benefit plan (the "Plan") established and maintained by UnitedHealth Group under the provisions of the Employee Retirement Income Security Act for the purpose of providing, *inter alia*, long-term disability benefits.

2. The Defendant, Standard Insurance Company ("Standard"), is the insurer, under Policy No. 649413-A, of the long-term disability benefits at issue in this case. Standard is, therefore, the real party in interest with respect to these claims.

**Jurisdiction and Venue**

3. The Plaintiff's claim arises under ERISA.  Jurisdiction is based on 29 U.S.C. § 1132.

4. The Plan is administered, in part, in Franklin County, Ohio.  Venue is appropriate in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

5. The Plaintiff, Kenneth Winders, is a former employee of Optum360 Services and is a participant in the Plan.

6. On September 7, 2018, Winders was forced to stop working due to a variety of medical impairments.

7. Winders applied for and was awarded disability benefits from the Social Security Administration.

8. Winders also applied for long-term disability benefits from Stanford.

9. Under the terms of the Plan, Winders is entitled to disability benefits for a period of two years if he is disabled from his own occupation.  After two years, Winders is entitled to benefits if he is disabled from any occupation.

10. On March 27, 2019, Standard determined that Winders was disabled from his own occupation and approved his long-term disability claim.

11. On October 11, 2019, Standard informed Winders that it was reducing his monthly long-term disability benefit by $2,700, as an offset due to his Social Security disability award.

12. On March 5, 2021, Standard informed Winders that it had determined that he was not disabled from "any occupation" under the terms of the Plan, and it closed his claim.

13. Winders timely appealed, supplying a wealth of additional medical information in support of his claim, including a functional capacity evaluation that established that Winders was unable to engage in even sedentary work.

14. Standard denied Winders' appeal.

15. Winders has exhausted his administrative remedies.

**Count I – For Benefits**

16. The foregoing allegations are incorporated by reference as if fully rewritten herein.

17. Winders brings this claim under 29 U.S.C. § 1132(a)(1)(B) and seeks payment of long-term disability benefits.

18. Winders remains disabled under the Plan and is entitled to long-term disability benefits.

19. Standard's decision denying Winders' claim was unreasonable because, *inter alia*, in light of Winders' medical diagnoses and limitations, Winders is clearly unable to engage in any gainful employment; Standard failed to credit the reports of the functional capacity evaluation and the opinions of Winders' treating physicians; Standard failed to credit the Social Security Administration's determination that Winders was disabled, even though Standard reaped the benefits of that determination; and Standard ultimately denied Winders' benefits based on a file review.

WHEREFORE, the Plaintiff, Kenneth D. Winders, demands judgment in his favor and against the Defendant, Standard Insurance Company, as follows:

A. A determination that Winders is disabled and entitled to long-term disability benefits under the Plan;

B. An award of benefits in the form of a single lump sum representing monthly benefits that Winders should have received from the date his benefits were terminated and continuing until the date of judgment;

C. A further order directing Standard to pay to Winders a monthly disability benefit, beginning on the date of judgment and continuing until Winders is no longer disabled under the terms of the Plan;

D. Pre-judgment and post-judgment interest;

E. Attorney's fees and the costs of this action; and

F. Such other and further relief as the Court determines to be equitable and just.

>/s/ Tony C. Merry
> Tony C. Merry        (0042471)
> Trial Attorney
> Law Offices of Tony C. Merry, LLC
> 7100 N. High Street, Suite 302
> Worthington, Ohio  43085
> (614) 372-7114
> (614) 505-6109 [fax]
> tmerry@tmerrylaw.com
> Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury.

>/s/ Tony C. Merry