IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH D. WINDERS,

     **Plaintiff,**

                                     **Civil Action 2:22-cv-155**
v.                                    **Judge Edmund A. Sargus, Jr.**
                                     **Magistrate Judge Elizabeth P. Deavers**

STANDARD INSURANCE COMPANY,

     **Defendant.**

## OPINION AND ORDER

This is an action for benefits under an employee benefit plan under the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  This matter is

before the Court for consideration of Plaintiff's Motion for Discovery.  (ECF No. 10.)  For the

reasons that follow, Plaintiff's Motion is **DENIED**.

**I.**

Defendant Standard Insurance Company is the insurer and plan administrator of Group

Long Term Disability Insurance Policy, No. 649413-A ("Group Policy"), an employee welfare

benefit plan within the meaning of ERISA.  (Complaint ¶¶ 1–2, ECF No. 1 ("Compl."); Answer

¶¶ 1–2, ECF No. 6.)

Plaintiff Kenneth D. Winders was a former employee of Optum360 Services, Inc., a

subsidiary of UnitedHealth Group, and was a participant in the Group Policy, established and

maintained by UnitedHealth Group.  (Compl. ¶¶ 1, 5.)  On September 7, 2018, Plaintiff stopped

working "due to a variety of medical impairments."  (*Id.* ¶ 6.)

Plaintiff submitted a claim for long-term disability benefits under the Group Policy.  (*Id.*

¶ 8.)  On or around March 27, 2019, Defendant determined Plaintiff was disabled from his own

occupation and approved Plaintiff's claim for long-term disability benefits under the Group

Policy.  (*Id.* ¶ 10.)  Plaintiff applied for and was awarded disability benefits from the Social

Security Administration ("SSA").  (*Id.* ¶ 7.)  In a letter dated October 11, 2019, Defendant

informed Plaintiff that his monthly long-term disability benefit was reduced by $2,700 to offset

the SSA disability award.  (*Id.* ¶ 11.)

On or around March 5, 2021, Defendant determined Plaintiff was "not disabled from 'any

occupation'" under the Group Policy and closed the claim.  (*Id.* ¶ 12.)  Plaintiff appealed the

determination, providing a "wealth of additional medical information in support of his claim,

including a functional capacity evaluation that established [Plaintiff] was unable to engage in

even sedentary work."  (*Id.* ¶ 13.)  On or around December 17, 2021, Defendant denied

Plaintiff's appeal.  (*Id.* ¶ 14; Answer ¶ 14.)  Plaintiff has exhausted his administrative remedies.

(Compl. at ¶ 15.)

Plaintiff filed this action on January 18, 2022.  (ECF No. 1.)  Plaintiff asserts a claim for

benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), alleging he "remains disabled"

under the Group Policy and is "entitled to long-term disability benefits."  (Compl. ¶¶ 16–19.)

Defendant filed an Answer to Plaintiff's Complaint on March 21, 2022.  (ECF No. 6.)

Plaintiff has moved for leave to conduct discovery on his claims.  (ECF No. 10.)

Defendant has opposed Plaintiff's Motion (ECF No. 14), and Plaintiff has filed a reply in support

of his request. (ECF No. 16.)  This matter is now ripe for consideration.

## II.

The Federal Rules of Civil Procedure authorize "discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the

case[.]"  Fed. R. Civ. P. 26(b)(1).  Generally, discovery outside of the administrative record is

not permitted in ERISA actions.  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th

Cir. 1998) (Gilman, J., concurring); *see also Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d

299, 308 (6th Cir. 2010) ("The court's review is thus limited to the administrative record.").  The

United States Court of Appeals for the Sixth Circuit previously explained that "[p]ermitting or

requiring district courts to consider evidence from both parties that was not presented to the plan

administrator would seriously impair the achievement of" one of ERISA's primary goals of

"provid[ing] a method for workers and beneficiaries to resolve disputes over benefits

inexpensively and expeditiously."  *Perry* v. *Simplicity Eng'g, a Div. of Lukens Gen. Indus., Inc.*,

900 F.2d 963, 967 (6th Cir. 1990).  However, courts recognize an exception "when evidence

outside the record 'is offered in support of a procedural challenge to the administrator's decision,

such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'"

*Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting

*Wilkins*, 150 F.3d at 619 (Gilman, J., concurring)).  In instances involving such challenges,

evidence outside the record may be relevant and discoverable.  *See id.*; Fed. R. Civ. P. 26(b)(1).

### III.

Plaintiff seeks leave to conduct discovery on his claim for benefits under Section

502(a)(1)(B) setting forth three arguments.  First, Plaintiff argues that the United States Supreme

Court's recent decision in *United States v. Tsarnaev*, 142 S. Ct. 1024 (2022), abrogates the

*Wilkins* standard, and *Wilkins* is "no longer good law."  (ECF No. 10 at PAGEID # 34.)  Next, if

this Court determines it is still bound by *Wilkins*, Plaintiff asserts discovery is permissible

regarding Defendant's alleged conflict of interest.  (*Id.* at PAGEID # 38.)  Specifically, Plaintiff

seeks discovery related to (1) "Standard's decision to rely on a file review, rather than to arrange

for an in-person medical evaluation"; (2) "Standard's decision to ignore the results [of] a

functional capacity evaluation that unequivocally concluded that [Plaintiff] could not work"; and (3) "Standard's refusal to credit the [SSA's] determination that [Plaintiff] is disabled from engaging in any gainful work." (*Id.* at PAGEID ## 38–39.) Finally, Plaintiff contends he is entitled to discovery because he "demanded a jury trial." (*Id.* at PAGEID # 39.) This Court addresses each argument in turn.

### A.      Abrogation of *Wilkins*

In his first argument, Plaintiff asserts that *Wilkins* was abrogated by the *Tsarnaev* decision, noting "[t]his Court, in other words, is no longer authorized to limit a claimant's access to discovery, except under circumstances within the Federal Civil Rules themselves." (*Id.* at PAGEID # 37.) Defendant counters that *Tsarnaev* did not abrogate *Wilkins* because a "trial court's discretion to conduct *voir dire* in a high-profile criminal death penalty case is simply not related to substantive adjudication of ERISA cases under the careful balancing intended by Congress in enacting ERISA." (ECF No. 14 at PAGEID # 65.) Further, Defendant notes the Supreme Court in *Tsarnaev* did not overrule "its own long-standing precedent" regarding ERISA cases and the Supreme Court has "made clear that prior precedent is not overruled by implication." (*Id.* at PAGEID ## 65–66); *Agostini v. Felton*, 521 U.S. 203, 237 (1997). In his Reply, Plaintiff reasserts that *Tsarnaev* abrogated *Wilkins*, and argues that Defendant has "not addressed in any material way [Plaintiff's] argument that *Tsarnaev* abrogated *Wilkins*. (ECF No. 16 at PAGEID ## 268–69.) Defendant asserts that this Court should deny Plaintiff's "entreaty to disregard Sixth Circuit authority and undermine Supreme Court ERISA precedent." (ECF No. 14 at PAGEID # 66.) The Court agrees.

In *Tsarnaev*, the Supreme Court reversed a First Circuit Court of Appeals decision that had vacated the death sentence of Dzhokhar Tsarnaev after he pled guilty to felonies related to

the 2013 Boston Marathon bombing. 142 S. Ct. 1024. The First Circuit had previously created a rule requiring district courts during *voir dire* in high-profile cases to ask prospective jurors about any knowledge of the case they had learned from the media. *Id.* at 1033 (citing *Patriarca v. United States*, 402 F.2d 314 (1st Cir. 1968)). Because the district court in *Tsarnaev* had failed to inquire prospective jurors about this knowledge, following its purported discretionary supervisory authority, the First Circuit vacated Tsarnaev's death sentence. *Id.* In reversing the First Circuit decision, the Supreme Court reasoned that courts of appeals do not have supervisory authority to create rules that "conflict with or circumvent a constitutional provision or federal statute. . . . [n]or can they conflict with or circumvent a Federal Rule." *Id.* at 1036 (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Carlisle v. United States*, 517 U.S. 416, 426 (1996)).

Plaintiff contends that the Supreme Court's decision in *Tsarnaev* abrogated *Wilkins* because the *Wilkins* court created a supervisory rule to limit discovery in ERISA cases, conflicting with the Federal Rules of Civil Procedure. (ECF No. 10 at PAGEID ## 36–37) ("[A]n action to recover benefits under the terms of an ERISA plan would, absent *Wilkins*, proceed in a manner consistent with the Federal Rules of Civil Procedure, including the extensive rules that govern discovery."). Plaintiff argues that without *Wilkins*, "whether [he] may proceed with discovery is now governed solely by the Federal Rules of Civil Procedure." (*Id.* at PAGEID # 37.)

This Court is bound by *Wilkins* unless and until the Supreme Court or the Sixth Circuit rules otherwise. *Kevin D. v. Blue Cross & Blue Shield of S.C.*, 545 F. Supp. 3d 587, 606 (M.D. Tenn. 2021) (noting district courts are "not at liberty to deviate from binding Sixth Circuit precedent."); *Tim Reed, Inc. v. Motorists Mut. Ins. Co.*, No. 21-42-DLB, 2021 WL 5380916, at *2 (E.D. Ky. Nov. 17, 2021) ("Court is bound by Sixth Circuit precedent."). Further, as Plaintiff

acknowledges in his Reply (ECF No. 16 at PAGEID # 268), other courts in this district were not convinced of the argument that *Tsarnaev* abrogated *Wilkins*. *Kramer v. American Electric Power Executive Severance Plan, et al.*, No. 2:21-cv-5501, 2022 WL 1538637, at *5 (S.D. Ohio Apr. 20, 2022) (Jolson, J.) ("district courts still exercise discretion when determining whether to permit additional discovery in ERISA cases"); *Bulas v. Unum Life Ins. Co. of Am.*, No. 2:22-cv-112, 2022 WL 1536360, at *8 (S.D. Ohio May 16, 2022) (Vascura, J.) ("*Wilkins* reflects a straightforward construction of the scope of discovery that flows from, rather than conflicts with, ERISA's statutory scheme and the Federal Rules of Civil Procedure."). The Court now joins these other jurists' views that *Tsarnaev* is distinquishable.

Accordingly, this Court addresses Plaintiff's arguments under *Wilkins'* progeny.

**B.       Discovery Related to Conflict of Interest or Bias**

The Supreme Court has specifically recognized that a clear conflict of interest exists where "a plan administrator both evaluates claims for benefits and pays benefits claims[.]" *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008). Following *Glenn*, the Sixth Circuit considered the propriety of a district court's decision to allow limited discovery concerning the conflict of interest created when an employer utilizes dual-role administrators under an ERISA plan. *Johnson*, 324 F. App'x at 465–67. The *Johnson* court first cited with approval Sixth Circuit precedent holding that "a mere allegation of bias is not sufficient to permit discovery under *Wilkins'* exception." *Id*. at 466 (quoting *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004)) (citing *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008)). Relying on *Glenn*, the *Johnson* court nevertheless rejected the defendant's contention that Sixth Circuit precedent should be interpreted to impose a threshold evidentiary showing of bias as a

prerequisite to discovery under *Wilkins*. *Id*. at 466. The *Johnson* court also rejected the notion

that *Glenn* permits discovery automatically in instances where the defendant is both the

administrator and the payor. Instead, the *Johnson* court indicated that "[d]istrict courts are well-

equipped to evaluate and determine whether and to what extent limited discovery is appropriate

in furtherance of a colorable procedural challenge under *Wilkins*." *Id*. at 467; *accord Bell v.*

*Ameritech Sickness & Acc. Dis. Ben. Plan*, 399 F. App'x 991, 998 (6th Cir. 2010) ("Discovery

may be appropriate to determine the weight to accord a conflict of interest, . . . but the district

court retains discretion to decide when to allow such discovery."). The *Johnson* court concluded

that the district court did not abuse its discretion in allowing the plaintiff to conduct limited

discovery concerning the conflict because the plaintiff had "offered more than a mere allegation

of bias."[1] *Id.*

In the wake of *Johnson*, courts in this circuit have split with respect to whether something

beyond the mere existence of a structural conflict is necessary to permit discovery in an ERISA

case. *See*, *e.g.*, *Alekna v. AT&T Serv., Inc.*, No. 5:17-cv-400, 2018 WL 1251767, at *2 (N.D.

Ohio Mar. 12, 2018) (describing the different approaches); *McLaren v. Tr. of the Grp. Ins. Tr.*

*for Emps. in the Mfg. Indus.*, No. 1:16-cv-1164, 2017 WL 4417704, at *4 (S.D. Ohio Oct. 4,

2017) (collecting cases); *Monterroza v. Belletech Corp.*, No. 2:16-cv-1113, 2017 WL 874733, at

*2 (S.D. Ohio Mar. 6, 2017) (describing approaches and collecting cases); *Neubert v. Life Ins.*

*Co. of N. Am.*, No. 5:15-cv-643, 2013 WL 5595292, at *1–4 (N.D. Ohio Oct. 10, 2013)

(discussing different approaches and collecting cases). The Sixth Circuit, in considering whether

---

[1] The district judge in *Johnson* found the plaintiff's showing of a "financial relationship between
the insurer and the reviewer" an adequate initial threshold showing of prejudice. *Johnson v.*
*Connecticut Gen. Life Ins. Co.*, No. 5:07-cv-167, 2007 WL 2993920, at *2 (N.D. Ohio Oct. 11,
2007).

the district court erred in denying discovery in an ERISA case where there was a conflict of interest, held that "the claimant must put forth a factual foundation to establish that he has done more than merely allege bias." *Collins v. Unum Life Ins. Co. of Am.*, 682 F. App'x 381, 389 (6th Cir. 2017). The *Collins* court determined that the claimant had "not set forth evidence establishing more than a mere allegation of bias based on the inherent conflict of interest" and concluded that the district court did not abuse its discretion in denying additional discovery "based on [claimant's] mere allegations that Unum was biased against him." *Id.*

Here, Plaintiff seeks permission to conduct discovery related to Defendant's structural conflict of interest "[b]ecause Standard Insurance Company is the entity that both pays the claims and decided whether Winders is entitled to payment." (ECF No. 10 at PAGEID # 38.) Due to this conflict of interest, Plaintiff intends to pursue discovery on the following issues: "Standard's decision to rely on a file review, rather than to arrange for an in-person medical evaluation"; "Standard's decision to ignore the results a functional capacity evaluation that unequivocally concluded that Winders could not work"; and "Standard's refusal to credit the [SSA's] determination that Winders is disabled from engaging in any gainful work." (*Id.* at PAGEID ## 38–39.) Plaintiff "contends that these three failures . . . all suggest that Standard's conflict of interest outweighed Standard's fiduciary duty to fairly evaluate" his claim. (*Id.* at PAGEID # 39.)

In response, Defendant acknowledges that a "structural conflict of interest occurs when an administrator has a dual role as the plan's insurer and claims administrator," but notes that "[s]imply requesting discovery or making speculative accusations of 'bias' is not sufficient to satisfy the narrow circumstances in which ERISA discovery may be allowed." (ECF No. 14 at PAGEID # 69.) Defendant asserts that Plaintiff "fails to establish the required factual foundation

of actual 'bias' as opposed to simply the structural conflict.  Nor does he even attempt to

demonstrate how the discovery sought sheds any light on the alleged bias."  (*Id.* at PAGEID #

70.)

Additionally, Defendant contends that "[a]ll of these proposed discovery topics relate to

Standard's discretionary weighing of the evidence, not a conflict of interest."  (*Id.* at PAGEID #

71) ("Winder's disagreement with the merits of Standard's evaluation is not a procedural

violation or indication of bias.").  Defendant also specifically addresses Plaintiff's three

discovery requests in detail.  (*Id.* at PAGEID ## 72–75.)   First, Defendant notes, *inter alia*, it

"did not 'ignore' the FCE, but explained why [the FCE evaluator's] opinion – that was not

verified by the FCE's objective tests and in fact contradicted them – was not persuasive in the

context of the totality of the medical evidence."  (*Id.* at PAGEID # 73); (ECF No. 14-12 at

PAGEID ## 260–63.)  Second, Defendant asserts it did not "refuse to credit" the SSA

determination, rather, "unlike the SSA, Standard is bound by the terms of the Group Policy,

including the 24-month maximum benefit period for Mental Disorders, and the requirement that

Winders establish that he was Disabled solely as a result of a physical condition."  (ECF No. 14

at PAGEID ## 73–74); (ECF No. 14-12 at PAGEID ## 260, 263) ("documentation from Social

Security indicated they were able to consider Mr. Winders' mental health and alcohol use when

making their determination").  Finally, Defendant contends that not requiring Plaintiff to

"undergo a physical examination is also not a procedural irregularity but rather a factor the Court

may consider in evaluating whether Standard's claim determination is reasonable and rationally

supported.  The Group Policy provides Standard the option, not the obligation, to require a

physical examination."  (*Id.* at PAGEID # 75) (citing *Wehner v. Standard Ins. Co.*, No. 2:18-cv-

982, 2019 WL 6052639, at *10 (S.D. Ohio Nov. 15, 2019)).

In support of his argument, Plaintiff points to several cases from the Southern District of Ohio that allowed a "plaintiff to conduct discovery relating to allegations of conflict of interest, procedural irregularity, and denial of due process."  (ECF No. 10 at PAGEID # 38.)  The Plaintiff fails, however, to demonstrate how those cases align with the present case.  In fact, the narrow scope of discovery granted in each cited case related to factual assertions that amounted to more than just a mere speculation of bias.  *See, e.g.*, *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 328 F.R.D. 485, 501 (S.D. Ohio 2018) (providing actual evidence that the plaintiff was treated differently than others since it was a "high dollar claim"); *McLaren*, 2017 WL 4417704, at *12–*14 (finding evidence sufficient to warrant discovery where the defendant "made a determination denying benefits based on its interpretation of 'foreseeable,' a term that is undefined in the policies," and "changed its position on the use of safety measures related to [the plaintiff's] death; used its own physicians to support the denial of benefits; and made a determination that was contrary to that of the county coroner who ruled that [the plaintiff's] death was accidental"); *Christman v. CoreSource, Inc.*, No. 2:14-cv-1913, 2016 WL 491830, at *5–*6 (S.D. Ohio Feb. 9, 2016) (granting limited discovery because the "administrative record possesse[d] enough evidence of bias or conflict of interest to justify the requested discovery," where the defendant plausibly "offered a false reason for the delay because it was . . . working to find a basis upon which to deny [the plaintiff's] claim"); *Sim v. Reliance Standard Life Ins. Co.*, No. 1:15-cv-390, 2016 WL 319868, at *11–*12 (S.D. Ohio Jan. 26, 2016) (granting the plaintiff discovery on a number of proposed topics, including "limited discovery related to the existence of incentives or rewards to deny his benefits claims"); *McCready v. Dayton Power & Light Co. Long-Term Disability Plan*, No. 3:13-cv-128, 2013 WL 5944144, at *12–15 (S.D. Ohio Nov. 5, 2013) (deciding that although a "difference of

10

professional opinion . . . does not colorably establish bias," the plaintiff's procedural challenge

was "supported by something more than mere conjecture," where reviewing physicians failed to

reference some of plaintiff's medical conditions in their opinions); *Jones v. Allen*, 933 F. Supp.

2d 1020, 1024 (S.D. Ohio 2013) (granting limited discovery because the three committee

members deciding claims also had financial interests as company employees and improperly

chose what not to consider; also noting "[i]n light of this clear conflict of interest . . . and in light

of the facts in the administrative record regarding the basis for the committee's decision," the

court had "discretion to look beyond the administrative record to consider [the plaintiffs']

allegations of bias") (internal citations omitted); *Cummins v. Liberty Life Assur. Co. of Bos.*, No.

2:10-cv-00108, 2010 WL 4809269, at *12–*13 (S.D. Ohio Nov. 19, 2010) (regarding a file

review compared to a physical examination, plaintiff "offered evidence suggesting that a

significant financial relationship exists between [the defendant] and its medical experts").

      Distinguishable from the narrow scope of discovery granted in the cases detailed above,

the Court is not persuaded that the structural conflict of interest in this case warrants discovery.

Although the facts in this case may align closest to the *Sim* case where the "defendants'

determination that plaintiff was not totally disabled contradicts the conclusion of plaintiff's

treating physician and the [SSA]," the defendant in *Sim*, *inter alia*, also "offered plaintiff one

reason for terminating benefits, abandoned that reason, and affirmed the termination of benefits

on other evidentiary grounds." *Sim*, 2016 WL 319868, at *8–*10. Additionally, in the present

case, Defendant was confined to the terms of the Group Policy that limited further benefits only

to individuals *physically* disabled from Any Occupation (ECF No. 14-1 at PAGEID # 97),

whereas the SSA could consider mental impairments in its determination that Plaintiff was

totally disabled. (ECF No. 14-5 at PAGEID ## 169–70) ("the clmt's MRFC really significantly

precluded transferring of skills since the management and administration skills requires

flexibility and a changing work environments [sic]").  Moreover, Plaintiff has not offered more

than a mere allegation of bias, asserting cursory accusations that Defendant denied his claims

due to the conflict of interest or a procedural irregularity.  At best, Plaintiff offers a merit-based

argument, which is not in this Court's discretion to address.

Accordingly, as it relates to his request for discovery based on these arguments,

Plaintiff's Motion is **DENIED**.

### C.        Discovery Based on Jury Demand

Plaintiff's final argument rests in the fact he demanded a jury trial and that a jury trial

"requires presentation of evidence, and the development and presentation of evidence requires, in

its turn, discovery."  (ECF No. 10 at PAGEID # 39.)  Defendant responds that "[t]here is no right

to a jury on ERISA benefits claims under either ERISA or the Seventh Amendment to the United

States Constitution."  (ECF No. 14 at PAGEID ## 66–67.)  Defendant also asserts that Plaintiff's

jury demand as grounds to permit discovery in this case attempts to circumvent Supreme Court

and Sixth Circuit precedent, thus Plaintiff's "jury demand should further be stricken."  (ECF No.

14 at PAGEID # 68.)  In reply, Plaintiff notes "there is no case that squarely holds that a jury

trial is not available in a case like this one."  (ECF No. 16 at PAGEID ## 270–71.)

Plaintiff argues that Defendant "should not assume . . . in the absence of a motion

addressed specifically to [Plaintiff's] jury demand, the Court will simply summarily strike it" (*Id.*

at PAGEID # 270.)  This Court agrees.  Defendant must file a separate motion addressing the

jury demand for the Court to consider striking the demand.  The Court, however, disagrees that

discovery is permitted in the present case simply because Plaintiff made a jury demand.  As

Plaintiff notes in his Reply, courts in the Southern District of Ohio have not concurred on the

issue of whether a jury trial is available in an ERISA benefits case. *Kramer*, 2022 WL 1538638, at *2 (district court struck down a jury demand upon motion); *Phillips v. Sun Life Assurance Co. of Canada*, No. 1:20-cv-937, 2021 WL 4066807, at *3 (S.D. Ohio Sept. 7, 2021) (finding the jury trial question "unsettled"). Absent further reasoning to permit discovery beyond merely demanding a jury trial, and given the reasoning under *Wilkins*, discussed above, this Court does not find Plaintiff's argument persuasive.

For this reason, as it relates to these arguments, Plaintiff's Motion is **DENIED**.

**IV.**

For the foregoing reasons, Plaintiff's Motion for Discovery (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 25, 2022**      /s/ *Elizabeth A. Preston Deavers*
                               **ELIZABETH A. PRESTON DEAVERS**
                               **UNITED STATES MAGISTRATE JUDGE**